ANN C. ALLEN AND OTHERS v. JAMES W. RUSSELL AND OTHERS.

Where the defendant in execution has such an interest in property as may be subjected to the execution, (and in this case he also had possession of the property) the rights of others in the property cannot be asserted by a claim of property under the Statute.

A loan of certain slaves to husband and wife for the purpose of raising and supporting their children, and to have the labor and use of such slaves during their natural lives, gives an interest to the husband, which is liable to execution.

Error from Lamar.  Tried below before the Hon. William S. Todd.

Execution in favor of defendants in error on judgments against Jesse Allen, issued  January  7th, 1856 ; reciting the judgment as recovered June 1st, 1855.  Levied  on certain negroes ; negroes claimed by Jesse Allen as agent of the heirs

of Richard Crowder, deceased.   Certain persons appear, representing  themselves to be the heirs of Richard  Crowder, deceased, and  alleged that the negroes are  their property and not subject to execution.   Plaintiffs in execution  reply  that Jesse Allen has a life estate in said negroes, which is liable to the execution.   Issue joined and approved by the Court.   Verdict that the property was  liable  to execution, and  general judgment for plaintiffs.   Bill  of exceptions as follows :

Be it remembered that on the trial of the above stated cause the plaintiffs after having proved by a witness that they were the children and  heirs  of Richard  Crowder, late of  White county, in the State  of  Tennessee, deceased,  then  offered to read the written instrument marked A, with the accompanying certificates, to the  jury, which instrument and  certificates are in the words and figures following, to-wit :

This is to certify that we, Jesse Allen and Ann Eliza Allen, daughter of Richard Crowder, have this day received of Richard Crowder, three negro slaves on loan : one  negro  woman named Mariah, one negro boy named Crockett, and one negro boy named Sam, all of which negro slaves are  loaned to us by Richard Crowder, to take with us to Texas, for the purpose of raising and supporting our children, and  to  have  the  labor and use of said negro slaves during our natural  lives, and  we hereby bind ourselves not to sell, transfer nor  convey said negro slaves to any person or  persons whatsoever, for  as  much as there is no right nor title in us to convey said  slaves ; but only to have the use of them during our natural lives, and then the above named negro slaves, with their future increase if any to be equally divided between the  legal  heirs  of  Ann  Eliza Allen's body, wife  of  Jesse Allen, as  the  before  mentioned property, the right and title is in the  said  Richard Crowder, and is to be used and divided according to  his  will, and  the said property at this time is worth eleven hundred dollars, and we hereby bind ourselves to do and perform all  matters  and things that is contained in this instrument of writing.

In witness whereof we hereunto set and subscribe our hands and seals this 12th day of October, in the year of our Lord eighteen hundred and fifty.

JESSE ALLEN, [SEAL.]

ANN E. ALLEN, [SEAL.]

Signed, sealed and delivered in presence of us. Test:

J. A. CROWDER,

THOMAS J. CROWDER.

(Here followed authentications and certificate showing that the instrument was recorded in Lamar county on the 31st of January, 1856.)

For the purpose of showing that the right to the slaves in controversy is in the plaintiffs, but the defendants by their counsel, after having waived all objection to the authentication of said instrument, objected to the introduction thereof as evidence, because it is incompetent evidence in this cause, and the Court sustained the objections, to which ruling of the Court the plaintiffs by their counsel except, and pray this their bill of exceptions may be signed and sealed and made a part of the record in this cause, which is done accordingly.

*Dillahunty* and *Wright*, for plaintiffs in error. The defendants only claimed by their allegation that Jesse Allen had a life estate in one-half the slaves levied upon, yet under the ruling of the Court, in excluding the instrument marked A as evidence in the cause, the jury found a general verdict that the slaves in controversy were subject to be sold to satisfy the execution, and the judgment condemns the slaves to be sold without reserving the rights of the principal owners. Thus it is seen that neither the verdict nor judgment conforms to the pleadings, or to the nature of the case as it would have been proved, but for the error of the Court in excluding the instrument.

HEMPHILL, CH. J. Certain slaves had been levied upon as the property of one Jesse Allen, and this is a proceeding under

the Statute, to try the right which the heirs of one Richard Crowder set up to said slaves. It appears by an instrument of writing, exhibited in the cause, that the slaves had been loaned by Richard Crowder to Jesse Allen and Ann Eliza Allen, daughter of said Crowder, to have the use and labor of said slaves during their natural lives, with a covenant not to transfer or sell said slaves, and that the said slaves, with their increase, should be equally divided between the legal heirs of Ann Eliza's body, wife of Jesse Allen, " as (in the language of the instrument) the before mentioned property the right and title is in the said Richard Crowder, and is to be used and divided according to his will."

It is not necessary, in this cause, to give a construction to the various clauses of this instrument. With reference to the rights of the parties, so far as they are involved in this issue, it is sufficient that by the instrument a joint use in the property is vested in Jesse Allen, the defendant in execution, and his wife, Ann Eliza Allen, during their natural lives, and that consequently the husband Jesse has such an interest as may be subject to execution. If the heirs of Richard Crowder have any right, (and upon this it is not necessary that any opinion should be formed or expressed,) it is only by way of reversion or remainder, and cannot be asserted or secured by this form of proceeding.

The instrument was executed in Tennessee, and the interest which the wife has in said slaves under a joint gift to her and her husband, must depend upon the laws of that State. But whether he has any, and how they should be protected, cannot in this suit be the subject of inquiry. The heirs of R. Crowder, who are the claimants, have no such interest, (if they have any) as would save the property from liability under these executions.

Judgment affirmed.