## FRANCIS P. OSBORN vs. M. KOENIGHEIM.

SUPREME COURT, AUSTIN TERM, 1882.

*Pledged or Mortgaged Property—Delivery of—Trial of Right of Property.*—Under the Acts of 1879, p. 134, relating to chattel mortgages, etc., it is not in express terms required that there shall be an immediate delivery must be held sufficient. (See this case for facts held to constitute such delivery and continuous possession as is contemplated by the statute, and therefore, sufficient to render the pledge valid.)

If pledged property be levied upon as the statute requires, the pledgee would not have the right to institute a proceeding under the statute to try the right of property, but where his possession is disturbed by an officer taking the property into possession, the pledgee would be entitled to resort to the statutory remedy to protect his possession,

Appeal from Bexar county.

Opinion by Stayton, J.

On the 25th day of April, 1879, the appellee loaned to Michael Bros., $4400 for which they executed to him their

promissory notes, due four months after date, and to secure the same pledged to him forty-nine barrels and ten half barrels of whisky which they had stored in the warehouse of Berg & Bro. They also empowered him to sell the property pledged, in case of their failure to pay the notes at maturity, and to apply the proceeds in payment of the debt.

Michael Bros. held the warehouse receipt of Berg & Bro., which at the time of the loan they endorsed as follows: "Messrs. Berg & Bro: Please deliver the within described whiskey to M. Koenigheim or order." "MICHAEL BROS."

Within fifteen minutes after the loan and transfer of the warehouse receipt the appellee exhibited to the warehouse-man the receipt with indorsement thereon with instructions to him to insure the whisky in the name of the appellee, which they did, the appellee paying the premium for insurance, which amounted to $597.42. Berg & Bro. held the whisky for appellee, until the 25th day of August, 1879, at which time the appellant caused an attachment to be levied thereon which issued in a suit instituted by him against Michael Bros., on the 11th day of July, 1879.

This action was instituted by the appellee under the statute to try the right of property; a trial was had and a judgment rendered in favor of the appellee and from that judgment this appeal is prosecuted. It is claimed that the pledge to appellee is void because no actual delivery of the property was made immediately after the pledge was given, followed by an actual and continued change of possession of the pledged property, there having been no copy of the writing by which the pledge was made, filed in the office of the county clerk of the county in which the property was situated.

The statute relied upon reads as follows: "That any chattel-mortgage, deed, of trust or other instrument of writing intended to operate as a mortgage of and a lien upon personal property which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the property mortgaged or pledged by such instrument, shall be absolutely void as against the creditors of the mortgagor or person making the same and as against subsequent purchasers and mortgagees or lien holders, in

good faith, unless such instrument or a true copy thereof shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated, or if the mortgagor or person making the same be a resident of this State, then of the county of which he shall at the time be a resident." Acts of 1879, p. 134.

The first question in this cause is, was there such an *immediate delivery* of the property in controversy to the appellee as is required by the statute? The statute does not in express terms require that there shall be an immediate *actual* delivery of property pledged, and whatever act is in law *immediate delivery* must be held sufficient.

What constitutes delivery is a matter of law and it has been held in a great number of cases that this depends largely upon the nature, character and situation of the property. The necessities of commerce and the customs of business men long caused to be recognized as valid delivery such symbolical delivery as is evidenced by the transfer of bills of lading for property in transit, of warehouse receipts for property on storage. Adam vs. Seeligson, 54 Texas, 602.

The rule is thus stated: "Delivery in order to be effectual, should be followed by an acceptance of possession, and methods of delivery and acceptance differ according to subject matter, and situation of the thing. But constructive delivery and acceptance are now much found in such transactions. The transfer of a bill of lading of a ship at sea, or the delivery of a warehouse key have long been esteemed sufficient for legally transferring the possession of the thing as symbolized; * * * * warehouse receipts and the receipts of wharfingers or other kind of custodians are also, when expressed in negotiable form, permitted in a variety of instances to be turned over by way of symbolical delivery of the goods on storage which they represent." Schouler's Bailments, 179; Story on Bailments, section 297; Cartwright vs. Wilmerding, 24 New York, 521; Taylor vs. Turner, 87 Illinois, 297; Whitney vs. Tibbits et al., 17 Wisconsin, 371.

The warehouse receipt executed by Berg & Bro. was negotiable in form; was duly transferred to the appellee who at

once exhibited the same to Berg & Bro., who at the request of appellee and in his name and at his expense effected an insurance upon the whisky and thereafter held the same continuously for him. This was such immediate delivery and continuous possession as is contemplated by the statute, and the pledge to the appellee must be held valid.

The remaining question in the case is, was the property subject to levy under the attachment, and if so is the remedy pursued in this cause the proper one? Whatever diversity of opinion may have been entertained in regard to the right to levy an attachment or execution upon property which a debtor has pledged to another, there can be no question of the right to make and levy since the adoption of the Revised Statutes.

The statute provides that "goods and chattels, pledged, assigned or mortgaged as security for any debt or contract, may be levied upon and sold on execution against the person making the pledge, assignment or mortgage, subject thereto, and the purchaser shall be entitled to the possession when it is held by the pledgee, assignee or mortgagee on complying with the conditions of the pledge, assignment or mortgage." Rev. Stats., 2296.

The statute further provides, that "the writ of attachment may be levied upon such property and none other as is, or may be, by law, subject to levy under the writ of execution." Rev. Stats. 166.

It also provides, how levy shall be made when the execution debtor is not entitled to the possession of the property, as follows: "When the defendant in execution has an interest in personal property but is not entitled to the possession thereof, a levy thereon is made by giving notice thereof to the person who is entitled to the possession or any one of them when there are several." Rev. Stats., 2292.

This manner of levy should be pursued when the attachment or execution is levied upon property in the hands of a pledgee. Rev. Stats., 167.

Under these provisions of the statute the property was subject to attachment, and the question as to whether or not the levy was properly made in this case need not now be considered

If property pledged be levied upon as the statute requires, the pledgee would not have the right to institute a proceeding under the statute to try the right of property.

The rule prior to the adoption of the Revised Statutes was, that this statutory remedy could not be used by one who only had a lien upon the property levied upon. Gillian vs. Anderson, 12 Texas, 47 ; Allen vs. Russell, 19 Texas, 87 ; Belt vs. Raguet, 27 Texas, 471.

The mode of levying upon and sale of property held in pledge, and to the possession of which the pledgee is entitled, being now provided by the Revised Statutes, we are of the opinion that one who holds property in pledge cannot avail himself of the statutory remedy provided by statute for the trial of the right of property, if the levy be made as the statute directs and the pledgee's possession be not disturbed.

If the right of the holder of a lien be imperilled, but his possession be not disturbed, as was said in Belt vs. Raguet, 27 Texas, 482, "it would seem more consonant with principle that he should (protect it) do so by appeal to the equitable powers of the court in the exercise of its general jurisdiction, than by a resort to the statutory remedy for the trial of the right of property."

The statute regulating the trial of the right of property is intended to give the one who claims to be the owner of the property, or to one who is entitled to the possession of the property, a simple remedy by which he may protect both his title and possession.

In this cause it appears that the levy, or at least such is the inference from the record, was made by the officer taking possession of the pledged property, and this in our opinion entitled the appellee to resort to the statutory remedy to protect his possession.

If under the statute the appellant should desire to sell such interest as his debtor has in the property, he can do so, but the purchaser at such sale will have no right to the possession of the property unless he satisfies the debt for which it stands pledged.

There being no error in the judgment of the court below it s affirmed.