Opinion by
Willson, J.
§ 22. Motion for new trial. When the grounds set forth in a motion for new trial, in justice’s court, are verified by the affidavit of the party, and the same are *28 not controverted, the statements in the motion are to be considered as prima facie true, and if the grounds are sufficient the motion should be granted.
§ 23. Pleading; new and additional .in county court on appeal from justice's court; trial of right of property; Curry v. Terrell (W. & W. Con. Rep. p. 95) explained. It was not intended that the rule announced in Ourry v. Terrell should apply to a party who, without fault on his part, had been deprived of an opportunity to plead in the justice’s court. In that case the judgment was by default, and it was not claimed or pretended that the defendant had been prevented in any manner from pleading his defenses in the justice’s court. He appealed to the county court, and in that court, for the first time, sought to plead in defense a counterclaim, without showing any reason whatever why he had not pleaded it in the justice’s court. It was held that, under these circumstances, he could not be permitted to plead the counterclaim. In a recent case decided by our supreme court [Blanton v. Langston & Co. 2 Tex. Law Review, 186] the rule laid down in Ourry v. Terrell is approved, and it is further held that a claimant of property, who claimed it in the justice’s court by virtue of a mortgage hen, might, upon appeal, change his claim, and claim the property by virtue of an absolute purchase; that such change in the character of his claim was not the setting up of a new cause of action, but a mere amendment of the issue made in the justice’s court. In all cases of the trial of the right of property, the claimant in his affidavit asserts claim to the property levied upon. This constitutes his cause of action, that the property belongs to him, and is not subject to plaintiff’s levy. He is not required in his claim affidavit to set forth the nature of his claim, or the particulars of his title. It is contemplated that this may be done under the direction of the court in making up the issues for trial. [R. S. arts. 4833, 4834.] The matters presented by the claimant in this case, in his pleading filed jn the county court, may well be regarded *29 as mere amplifications or amendments of lfis cause of action, as stated in a general way in his claim affidavit, and not as setting up a new cause of action, and it was error to sustain a demurrer to such pleading.
§ 2é. Trial of right of property; lien holder may resort to this proceeding, ivhen. It has been repeatedly decided that the holder of a mere lien upon property, without possession of the property accompanying it, cannot, by virtue of such lien, claim the property under the statute for the trial of the right of property. [Wright v. Henderson, 12 Tex. 43; Wooten v. Wheeler, 22 Tex. 338; Belt v. Raguet, 27 Tex. 471; Blanton v. Langston & Co. 2 Tex. Law Rev. 186; W. & W. Con. Rep. §§ 781, 1242, 1322.] But it is also well settled that, where a person is in possession of property pledged to him, and this property is levied upon, but not in the manner provided for a levy in such cases [R. S. arts. 2292-2296the pledgee may maintain a proceeding under the statute to protect his possession. [Osborn v. Koenigheim, 57 Tex. 91.] In this case ’the claimant alleged, in the issues tendered by him, that the cotton, the property in controversy, was in his possession when it was levied upon, and that he was holding it, by virtue of a pledge or security, for a debt due him by the defendant in execution. Held, that these allegations, if true, entitled him to maintain this proceeding for trial of the right of property. But, further than this, the claimant also alleged that the, cotton had been delivered to him in payment of said debt, and belonged to him absolutely. This certainly entitled him to maintain this action.
§ 25. Landlord’s lien. Durham rented land to Boyd. Boyd delivered cotton to Durham to secure the rent: Prior to this time Bqyd had executed to Flannagan a mortgage upon his cotton crop, which mortgage, had been duly registered. Held, 1st. Durham’s lien upon the cotton was a preference lien, and took precedence of Flannagan’s mortgage. [R. S. art. 3107.] 2d. Durham being in possession of the cotton when it was levied upon for *30 Mannagan’s debt, could claim the same under the statute for the trial of the right of property. 3d. Upon establishing his claim to the cotton, he would be entitled to have his rent and advances satisfied out of said cotton in preference to the mortgage debt of Mannagan, and the remainder of the proceeds of said cotton, after satisfying Durham’s debt, would be subject to Mannagan’s mortgage.
October 24, 1883.
Reversed and remanded.