STATE EXCHANGE BANK v. SMITH.
(No. 7065.)

(Court of Civil Appeals of Texas. Dallas. March 14, 1914. On Rehearing, April 11, 1914.)

1. CHATTEL MORTGAGES (§ 173*)—CLAIMS BY THIRD PERSON—ATTACHMENT—RIGHT OF ACTION.

A chattel mortgagee out of possession, but entitled to possession at the time of the levy of an attachment in an action by a third person against the mortgagor, may maintain the statutory action for the trial of the right of property.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 307, 309, 316–326; Dec. Dig. § 173.*]

2. CHATTEL MORTGAGES (§ 161*)—NONPAYMENT OF DEBT AT MATURITY—RIGHT OF MORTGAGEE.

A chattel mortgage, which provides that in case of default in the payment of the notes at maturity, or in case the mortgagor shall violate any of the conditions of the mortgage, etc., the mortgagee shall have the right to immediate possession of the chattels and to foreclose the mortgage, gives to the mortgagee the right to immediate possession for nonpayment of the notes at maturity.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 282–285; Dec. Dig. § 161.*]

3. CHATTEL MORTGAGES (§ 173*)—CLAIMS OF THIRD PERSONS—RIGHTS OF NONRESIDENT.

A nonresident chattel mortgagee, out of possession, but entitled to possession at the time of the levy of an attachment on the mortgaged chattels in an action by a third person against the mortgagor, may maintain, though a nonresident, the statutory action for the trial of the right of property.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 307, 309, 316–326; Dec. Dig. § 173.*]

4. CHATTEL MORTGAGES (§ 173*)—RIGHTS OF CLAIMANTS—ESTOPPEL.

A chattel mortgagee who fails to take immediate possession of the chattels on the nonpayment of the debt at maturity, and who accepts partial payments or the written consent, on a compromise with the mortgagor of the indebtedness, after the levy of an attachment,

to take possession of the property in controversy when released from the levy, is not thereby estopped from maintaining the statutory action for the trial of the right of the property attached in an action by a third person against the mortgagor.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 307, 309, 316–326; Dec. Dig. § 173.*]

On Rehearing.

5. APPEAL AND ERROR.(§ 1177*)—DISPOSITION OF CASE ON APPEAL—REMAND FOR TRIAL.

Where the record on appeal from a judgment shows that it was rendered on admissions made for purposes only of hearing a motion for judgment, the court on reversing the judgment must remand because the case was not fully developed in the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. § 1177.*]

Appeal from District Court, Ellis County; F. L. Hawkins, Judge.

Action in attachment by P. P. Smith against Acklin Brothers, in which the State Exchange Bank appeared and claimed the property under a mortgage. From a judgment for plaintiff, the State Exchange Bank appeals. Reversed and remanded for new trial.

Will Hancock, of Waxahachie, and Ledbetter, Stuart & Bell, of Oklahoma City, Okl., for appellant. Supple & Harding, of Waxahachie, for appellee.

TALBOT, J. This is a suit for the trial of the right of property. On December 18, 1912, appellee, P. P. Smith, instituted suit in the district court of Ellis county, Tex., against Acklin Bros., to recover $1,504.25 and costs of suit, and caused a writ of attachment to issue in said suit, which was levied by the sheriff of Ellis county, Tex., upon five horses, three sets of harness, and four wagons, valued by said sheriff at $1,300. Appellant, State Exchange Bank, presented to said sheriff its claimant's bond and affidavit, both executed in accordance with law, and said sheriff turned over said property to appellant. On February 25, 1913, the bank filed its issues claiming said property under and by virtue of a certain chattel mortgage, executed by Acklin Bros., dated May 9, 1912, original of which mortgage was duly filed and registered in the office of the county clerk of Ellis county, on May 13, 1912; said mortgage being executed to secure payment of two notes, executed by Acklin Bros. to appellant, both dated March 9, 1912, and bearing interest at the rate of 10 per cent. per annum from maturity, one note being for the principal sum of $4,000, due on May 23, 1912, the other being for the principal sum of $6,661.25, and due on August 9, 1912, each of said notes being executed for money actually loaned and advanced by claimant to and for use and benefit of said Acklin Bros. In said issues it was alleged: That at the date of levy of said writ of attach-

ment both of said notes were past due, and that said note for the sum of $4,000 was wholly unpaid, except that the interest had been paid up to December 1, 1912, and that said note for the sum of $6,661.25 was entitled to the following credits: (1) Interest to December 9, 1912; and (2) the following sums paid on principal on the following dates: (a) $661.25 on July 8, 1912; (b) $1,153.20 on July 9, 1912; (c) $671.54 on October 7, 1912; (d) $825 on December 9, 1912—all of said payments made on said principal, being made out of proceeds of sale of part of the property described in said chattel mortgage. That, at date of levy of said writ of attachment, there was justly due and owing appellant on said $4,000 note the sum of $4,000, with interest from December 1, 1912, at 10 per cent. per annum, and on the $6,661.25 note, the sum of $3,350.26, with interest thereon from December 9, 1912, at 10 per cent. per annum. That in said chattel mortgage it is provided that in case default be made in payment of said notes, or either of them, at maturity, then the mortgagee in said mortgage should have the right to immediate possession of the property described in said mortgage and the right to take immediate possession of same. That at the time of levy of said writ of attachment appellee had actual and constructive notice of said mortgage and said notes. That on account of the facts that said notes were both past due and unpaid, and that under said mortgage claimant had the right to immediate possession of said property, and the right to take immediate possession of same, and on account of the further fact that appellee had both actual and constructive notice of said mortgage and said notes, said property was not subject to the levy of said writ of attachment. On said March 14, 1913, appellee filed his issues, alleging the institution of said suit against Acklin Bros., in the district court of Ellis county, on December 18, 1913, the levy of said writ of attachment on the property described in said claimant's bond and affidavit, and the execution and delivery to said sheriff by this claimant and appellant of said claimant's oath and bond, and further alleging that on February 25, 1913, in said suit brought by appellee against Acklin Bros., judgment was rendered for appellee for debt therein sued on, and attachment lien, aforesaid, was duly foreclosed on said property, subject to proceedings herein, and further alleging that appellant and claimant was not entitled to maintain this suit to try the right of property; and that said property was, at the date of the levy of said writ of attachment, subject to said levy. Appellee prayed for judgment according to law. On March 14, 1913, appellee filed his motion for judgment against appellant and claimant on the facts stated in said tender of issues, for the reason that it appears from said tender

of issues that claimant and appellant was not in possession of said property described in claim bond at the date of levy of the writ of attachment, but was a mere lienholder, as shown by the copy of said mortgage attached to said issues. On March 28, 1913, the said motion for judgment was sustained by the court, to which action of the court the claimant excepted. Judgment was then rendered by the court in favor of appellee and against appellant as principal and said Southwestern Surety Insurance Company, as surety, on said claim bond for $1,425, with interest at 6 per cent. per annum from December 31, 1912, and the further sum of $142.50, as damages, and all costs. From the judgment rendered appellant appealed.

[1] The material allegations of the appellant's pleadings were established by the evidence, and the controlling question presented for decision is whether a mortgagee out of possession, but who is entitled to the immediate possession of personal property, may maintain our statutory action for the trial of the right of property. . A careful reading of the decisions of our appellate courts upon the subject leads us to the conclusion that the question must be answered in the affirmative. It is unquestionably the settled law of this state that the action cannot be maintained by one not in the actual possession of personal property, nor entitled to such possession of the same, at the date of the levy of an execution or attachment upon it; but it seems equally well settled that the owner, or one who is entitled to the immediate possession of property levied upon, may make claim and have his right thereto adjudicated under the state statutes for the trial of the right of property. Willis & Bro. v. Thompson, 85 Tex. 301, 20 S. W. 155; Steiner v. Anderson, 130 S. W. 262; Jones v. Lawrence, 151 S. W. 584. In Willis & Bro. v. Thompson, supra, the cases prior thereto in which it was held that one not in the actual possession of the property, nor entitled to the same, at the date of the levy, cannot resort to the statutory method of the trial of the rights of property, for the purpose of having determined the priority of the liens, are reviewed, and it is said: "These decisions proceed upon the grounds that in such cases the claimant, having no title to the property nor present fixed right to the actual possession thereof, but only a lien thereon as a mere security for his debt, is not entitled to claim and recover the property itself, nor to prevent its seizure by other creditors upon legal process which under the law would be subordinate to his prior lien or security. If that be endangered under such circumstances, or if he desires to enforce his superior claim on the property as a security, he can appeal to the equity powers of the court in either contingency for the appropriate relief." But the learned judge who wrote the opinion in that case for our Supreme

Court proceeds as follows: "Manifestly, this reasoning does not apply when the claimant is either the owner of the property or entitled to its immediate possession or enjoyment. We have been unable to find anything in the statute that would exclude the right to assert the claim in the statutory mode in either of such contingencies. The claimant is not required to swear that he is the owner of the property, or was in the actual possession thereof at the time of the levy; but he must show that his claim is 'made in good faith,' and must further 'establish his right to the property' itself, otherwise his claim will be without any legal foundation. * * * It seems to us that the purpose of the statute is to secure not only a speedy method of determining the real ownership of the property, but also the right to the immediate possession, use, or enjoyment of the property when the claimant is entitled to this against even the true owner." To the same effect are the cases of Steiner v. Anderson, and Jones v. Lawrence, cited above. In the first of these cases it is distinctly held that a person need not have been in the physical possession of the property in order to avail himself of this remedy. On the contrary, it is said: "The right to immediate possession is sufficient." In the second case it is said: "A claimant in the trial of the right of property is entitled to judgment, when the evidence shows that he was in the rightful possession of the property, and that such possession has been disturbed by the levy of the writ, or that he was rightfully entitled to such possession, and that he has been deprived of the exercise of such right by such levy." These decisions are in accord with our views and definitely settle the question. The cases cited by appellee are distinguishable in their facts from the instant case and are not at variance with them.

[2] The contention that appellant was not, by the terms of his mortgage, entitled to the immediate possession of the property in controversy at the time of the levy of the writ of attachment upon it, is not tenable. The mortgage contains the following provision: "And it is expressly agreed by said parties hereto, that in case default be made in the payment of said note, or any or either of them, at maturity, or in case said mortgagors shall violate or commit a breach of any one or more of the foregoing express conditions of this mortgage, or if the said mortgagors shall further incumber or attempt to remove, secrete or conceal, said property or any part thereof, or if from any cause the mortgagee shall feel they are unsafe or insecure, then and in that event said notes and each and all of them, and the whole of said mortgage debt shall at the option of said mortgagee, and without assigning any reasons therefor, become immediately due and payable, and said mortgagee shall have the right to immediate-

possession of said mortgaged property, and the right to take immediate possession of the same and to foreclose their mortgage to satisfy the whole of said mortgage debt and interest and cost of foreclosure." Clearly, upon the happening of either of the contingencies here enumerated, appellee was entitled to the immediate possession of the property described in the mortgage, for the purpose of applying the proceeds to be derived from a sale thereof to the payment of the debt thereby secured, and the undisputed evidence shows that all of said indebtedness was past due and the greater part thereof unpaid at the date of the levy of the writ of attachment. These facts, beyond all question, gave appellant the right of possession of said property, and the court erred in rendering judgment against it.

[3] The fact that appellant was a nonresident does not alter the case. As such, it was entitled to the same rights and remedies as it would have been entitled to had its domicile been located in this state.

[4] Nor was the appellant estopped from availing itself of the remedy afforded by our statute for the trial of the right of property, because it failed to take immediate possession of the property covered by the mortgage upon the maturity of the indebtedness secured by said mortgage, the acceptance of partial payments on said indebtedness, or the written consent upon a compromise and settlement with the mortgagor of its said indebtedness, after the levy of the writ of attachment to take possession of the property in controversy, whenever it should be released from said levy. Evidently, these matters were not intended to, and did not in any sense, affect the rights of the parties as fixed by the terms of the mortgage, and cannot be seized upon and successfully invoked as an acknowledgment on the part of appellant of the superior right of the officer levying the writ of attachment to the possession of the property attached.

The questions raised by the other assignments need not be considered and passed upon; for it results from what we have said that in the opinion of this court appellant, according to the undisputed evidence, was entitled, regardless of any other issue in the case, to recover. Hence it becomes our duty under the statute, the case having been fully developed, to render in this court such judgment as should have been rendered in the district court. It is therefore ordered that the judgment of the court below be reversed and that judgment be here rendered in favor of appellant.

Reversed and rendered.

## On Rehearing.

[5] It is pointed out in appellee's motion for a rehearing that, among others, his pleadings tendered the following issues: (1) That the indebtedness claimed by appellant against Acklin Bros. was fictitious and without consideration; (2) that the mortgage set up in this suit, securing the payment of said indebtedness, and upon the terms of which appellant bases his right to recover, was made for the fraudulent purpose of hindering, delaying, and defrauding appellee in the collection of his debt; (3) that if the said indebtedness ever existed it had been paid and satisfied before the levy of appellee's writ of attachment upon the property described in appellant's said mortgage, and that the appellant and the said Acklin Bros., were colluding and confederating together to suppress and conceal the fact of such payment. There appears to have been no evidence offered on either of these issues, and in view of the trial court's action it became wholly unnecessary to offer any. As shown in the original opinion, the court sustained a motion made by appellee for judgment in his favor on the facts stated in appellant's tender of issues because it appeared therefrom that appellant was not in possession of the property in controversy when appellee's writ of attachment was levied upon the same, but was merely a lienholder. In connection with the presentation and hearing of this motion of appellee, the proof necessary to enable the court to enter judgment in accordance with his announced views of the law was made; but, as stated, no evidence bearing upon the above-stated issues was introduced or tendered. It is recited in what purports to be a statement of facts sent to this court, and which contains certain admissions made at the hearing of appellee's motion for judgment, that it was understood that said admissions were made for the purposes of said hearing only, and were not binding on either party on any other hearing or trial. In this state of the record we were in error in stating in our original opinion that the case had been fully developed in the trial court, and in rendering judgment in this court for appellant. It is true the record discloses that a demurrer to that portion of appellee's pleadings setting up that appellant's indebtedness against Acklin Bros. was without consideration was sustained by the court, evidently on the ground that the pleading was not verified by oath, but the plea of payment remained, and upon another trial appellee would have the right to introduce evidence in support thereof. Besides, were the case simply remanded for a new trial appellee would have an opportunity to amend his plea of no consideration to support the indebtedness claimed against Acklin Bros. If it be said that the record fails to disclose that leave to amend was asked, the reply may be made that, as appellee's motion for judgment on the facts stated by appellant in his tender of issues was sustained, no necessity therefor existed. But, however this may be, appellee is entitled to be heard on his said plea of payment and contends that we erred in rendering judg-

ment for appellant. In this contention we concur, and our action in rendering judgment in favor of appellant will be set aside and the cause remanded for a new trial.