### BRIGGS v. BRIGGS. (No. 2360.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 26, 1921. Rehearing Denied Feb. 10, 1921.)

**1. Attachment ⊂⇒308(2)—Claimant held to have burden of showing possession or right of possession.**

Under Rev. St. 1911, art. 7786, providing, relative to the trial of right of property, that the burden of proof shall be on the claimant if the property was taken from the possession of any other person, a claimant had the burden of showing that he was in possession of property attached, or, failing in that, of showing that he was justly entitled to possession.

**2. Evidence ⊂⇒589—Trial ⊂⇒187(1)—Person claiming attached property is party and credibility is for jury.**

One making claim to attached property was a party to the suit and had an interest in the result, and his credibility was for the jury to pass on, and it was error for the court to tell the jury in effect to accept his testimony as true, even though there was no conflict.

**3. Attachment ⊂⇒51, 53—Mortgagee or pledgee cannot be deprived of possession, but cannot complain of lawful levy.**

Under Rev. St. 1911, art. 3744, providing that goods and chattels pledged, assigned, or mortgaged as security may be levied upon and sold on execution against the pledgor, etc., property mortgaged or pledged is not exempt from attachment, and, while the mortgagee or pledgee cannot be deprived of possession, he cannot complain of or resist, a levy where his right of possession has not been interfered with.

Appeal from Bowie County Court; J. B. Lytal, Judge.

Action by C. E. Briggs against T. M. Briggs, in which W. A. Briggs filed claim to attached property. From a judgment in favor of the claimant, plaintiff appeals. Reversed and remanded.

W. W. Arnold and Keeney & Dalby, all of Texarkana, for appellant.
J. B. Manning, of New Boston, for appellee.

HODGES, J. C. E. Briggs sued his brother W. M. Briggs in the justice court of Bowie county and procured the issuance of an attachment which was levied upon an undivided three-fourths interest in two bales of cotton then stored in warehouses at New Boston as the property of the defendant. W. A. Briggs, a third brother, claiming to be a lienholder in possession of the cotton, filed his claimant's affidavit and bond; and the issues presented in that branch of the case present the only questions involved in this appeal. In the county court a verdict was instructed in favor of the claimant, and the appeal is from the judgment rendered thereon.

The appellant, C. E. Briggs, testified that he held a note against his brother T. M. Briggs, defendant in the original suit; that the latter was a tenant on a plantation owned by W. A. Briggs, the claimant, during the year 1918. The tenant raised five bales of cotton, and informed witness a short time before suit was filed that he had sold three of them and paid all debts he owed except that due the witness; that he still held two bales of cotton stored in a warehouse at New Boston. He also testified that he had a conversation with W. A. Briggs a short time before filing suit, in which he asked W. A. Briggs how much T. M. Briggs owed him; that W. A. Briggs in reply stated that T. M. Briggs owed him nothing, but said:

"You are not going to get those two bales of cotton in the warehouse. I am going to hold them. I am the landlord, and I can do just as I please. I will spend a thousand dollars before you shall have that cotton."

Immediately thereafter witness instructed suit to be brought against T. M. Briggs.
W. A. Briggs testified that T. M. Briggs

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was his tenant during the year 1918, and owed him sums of money aggregating something over $200; that he (witness) had an undivided one-fourth interest which he claimed as rent in two bales of cotton stored in warehouses in New Boston; that the cotton was marked in his name and that of T. M. Briggs jointly; that after selling three bales of cotton his tenant voluntarily delivered the two bales in controversy to him to be held as security for the debt above mentioned; and that witness was still holding the cotton at the time the writ of attachment was levied. Some time in the early part of April, 1919, he was notified by the sheriff that he had attached two bales of cotton in the warehouse. The sheriff's return on the writ of attachment is as follows:

"Came to hand on the 9th day of April, 1919, and executed by levying on the following described property in the presence of ———: One bale of lint cotton, warehouse No. 2094, and one bale of lint cotton, warehouse No. 2031, in New Boston warehouse. We only levy on three-fourths of each bale."

This is the only evidence of the manner in which the writ of attachment was levied. The testimony made an issue of fact which should have gone to the jury.

[1, 2] W. A. Briggs had the burden of showing that he was in possession of the cotton, or, failing in that, of showing that he was justly entitled to the possession. Rev. Civ. Statutes, art. 7786. He was a party to the suit and had an interest in the result. His credibility was a matter which the jury alone had a right to pass upon. The court could not, in effect, as he did in this instance, tell the jury to accept the testimony of W. A. Briggs as true, even if there had been no conflict presented by the testimony of the plaintiff in the suit.

[3] The fact that property is mortgaged or pledged for a debt does not exempt it from a levy under a writ of attachment, although in the possession of the mortgagee. Osborn v. Koenigheim, 57 Tex. 91; Willis v. Thompson, 85 Tex. 308, 20 S. W. 155; Schmick v. Bateman, 77 Tex. 330, 14 S. W. 22. While the mortgagee cannot in such cases be deprived of his possession, he cannot complain of a lawful levy. Article 3744 of the Revised Civil Statutes provides that—

"Goods and chattels pledged, assigned or mortgaged as security for any debt or contract, may be levied upon and sold on execution against the person making the pledge, assignment or mortgage subject thereto."

It is also provided by statute that attachment may be levied upon any property of the defendant subject to execution. Article 254. Hence the claimant in this instance had no right to resist the levy of the writ of attachment solely upon the ground that the property

had been pledged to him and had been delivered into his possession. In order for him to avail himself of this remedy, it must appear from the record that he had a right of possession, and that this right had been interfered with. Whether or not this had been done was an issue of fact not conclusively shown.

The judgment will therefore be reversed, and the cause remanded for a new trial.