(8 App. Div. 99)      TILDEN v. TILDEN.

(Supreme Court, Appellate Division, Third Department. July 7, 1896.)

1. CONTRACTS—INTERPRETATION.

A contract for the dissolution of a partnership between plaintiff and defendant, who had succeeded their father in business, and assumed his debts, recited that fact, and the amount of the father's debts, and provided that plaintiff "hereby assumes the payment of all debts owing by said firm, and all the liabilities of said firm." Another contract between the parties, made on the same day, stated that the firm, during its continuance, had incurred debts to a certain amount. *Held*, that plaintiff assumed only the debts incurred by the firm, and not the debts of his father, which the parties had assumed on entering into partnership.

2. EVIDENCE—PAROL TO EXPLAIN WRITING—HARMLESS ERROR.

Where the proper interpretation of a contract gives it the meaning contended for by plaintiff in an action to reform it, and to recover the amount alleged to be due under it, defendant is not prejudiced by the admission of parol evidence to show that such was the meaning.

3. CONTRACTS—INTERPRETATION BY PARTIES.

Plaintiff and defendant, on entering into a partnership as successors of their father, agreed to assume the father's debts. Afterwards the partnership was dissolved by a contract which recited that plaintiff assumed payment "of all debts owing by said firm, and all the liabilities of said firm." Another contract between the parties, made the same day, referred to the amount of debts incurred during the continuance of the partnership as the outstanding liabilities of the firm. Plaintiff and defendant and their sisters had agreed, in case a pending contest of their uncle's will was successful, to pay their father's debts. *Held*, that the parties interpreted the contract for the dissolution of the partnership as requiring plaintiff to pay only the debts incurred by the partnership, and not the debts of the father.

Appeal from judgment on report of referee.

Action by Samuel J. Tilden against George H. Tilden to recover $33,300 under two contracts in writing, designated "A" and "B" for convenience, made by and between the parties April 25, 1889, whereby the partnership which had existed between them since July, 1879, was dissolved, and certain agreements, some absolute and others contingent, were entered into by the parties. From a judgment amending and correcting one of the agreements, and for $40,651.79 damages and costs in favor of plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J. and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Delos McCurdy, for appellant.

Countryman & Dubois, for respondent.

LANDON, J. The determination of the case depends upon the construction to be given to the third clause in contract A, namely:

"(3) Said Samuel J. Tilden, Jr., hereby assumes the payment of all debts owing by said firm, and all the liabilities of said firm, hereby expressly releasing said George H. Tilden from the payment thereof, and saving him harmless therefrom."

The parties entered into partnership in 1879, under the firm name of Tilden & Co., as the assignees and successors of their father, Henry A. Tilden, who had carried on the business for 10 years prior thereto, under the name of Tilden & Co., he being the successor of

himself and brother, who, prior thereto, had carried on the business under the same firm name. These parties, in succeeding their father, assumed, as the contract recites, "the debts of Henry A. Tilden, * * * amounting at that time to over $200,000," and during their partnership had paid small sums upon some of these debts, but had not reduced their aggregate. Contract B recites that the new firm of Tilden & Co., "during the continuance of said co-partnership, had incurred debts outstanding as liabilities of said firm" to the amount of $110,000.

The question is, did the plaintiff, by the third clause of contract A, above quoted, only assume the payment of the debts of the new firm, namely $110,000, or, in addition thereto, the debts of Henry A. Tilden, namely, "over $200,000," which contract A recites as "assumed by George H. Tilden and Samuel J. Tilden, Jr.," when they acquired the business from their father. Oral evidence was given tending to show the facts and circumstances in relation to which the contract was made, which accompanied its making; also, the practical construction which the parties gave to it during their partnership, and their declarations at the time as to which class of debts was intended. During the trial, the complaint was amended by inserting the allegation, in substance, that the parties agreed and intended that the contract should be that the "debts owing by said firm" should embrace only the debts contracted and incurred by the new firm, composed of themselves, and not any of the debts of Tilden & Co., contracted or incurred by Henry A. Tilden, but that, by their mutual mistake and inadvertence, and that of the scrivener who drew the contract, this restriction was omitted, and the prayer was added that the contract be reformed and corrected accordingly. The learned referee found that only the debts of the new firm of Tilden & Co., composed of these parties, were meant by the phrase "debts owing by said firm," in the third clause of contract A; that, by the mutual mistake of the parties, and the inadvertence of the scrivener, this restricted meaning was not clearly expressed in the contract, and that the contract should be reformed and corrected accordingly.

The only point urged upon us by the learned counsel for the appellant is that no case was made upon the evidence for a reformation of the contract. Our examination of the evidence satisfies us that the referee, by his findings, gave the same construction to the words, "all debts owing by said firm," which the parties, at the time of making the contract, themselves understood and intended by the words. They had in mind the debts which they themselves had contracted and incurred during their partnership connection, and not the old debts which Henry A. Tilden had contracted while he carried on the business under the name of Tilden & Co. In one aspect of the case, the contract itself is not different from what the parties meant to make it; that is to say, if the true construction of its terms excludes the old debts of Henry A. Tilden. In such case the contract conforms to and expresses their intention, and there is no need to resort to equity to reform or correct it. If, however, the contract does include the old debts of Henry A. Tilden in the

expression "all debts owing by said firm," then it includes what the parties intended to exclude, and should be reformed, in order to conform to their real intention and correct the mistake they inadvertently made. Maher v. Insurance Co., 67 N. Y. 283; Pitcher v. Hennessey, 48 N. Y. 423; Born v. Schrenkeisen, 110 N. Y. 55, 17 N. E. 339.

Great stress is laid by the appellant upon the testimony of the plaintiff that he understood the contract when he made it and understands it now; but this testimony must be considered in connection with his further testimony to the effect that he then understood it as he now claims it to be,—that is, as excluding the old debts of Henry A. Tilden. Therefore, whether the contract as written should be construed as excluding such old debts, or whether it should be reformed so as expressly to exclude them, the result is the same, and in either case the judgment should be affirmed, unless no case is made for reformation and the judgment must solely rest upon the construction given to the contract, and also unless that construction rests upon parol evidence, admissible only for the purpose of reformation, and inadmissible in aid of the construction. Here equitable relief was asked simply as an aid to the legal remedy. If we assume that there was no need of reforming the contract, because its proper construction would lead to the same result as if it were reformed, still the defendant can claim no presumption of injury because of the unnecessary reformation. He must clearly show it, and he does not contend that, apart from the reformation of the contract, the judgment cannot be upheld upon the legal ground stated therein, namely, the proper construction of the contract.

No error was committed in the admission of evidence bearing upon the question of construction. If it is clearly ascertainable from the contracts themselves what the parties meant by the words, "all debts owing by said firm," in the third clause of contract A, then no recourse to other evidence is necessary or permissible. Other portions of the contracts lend some support to the construction adopted by the learned referee, notably a provision in contract B, whereby the defendant, in the event of success in the suit over the will of their uncle, more particularly referred to hereafter, promises to pay to the plaintiff $55,000, "which sum," the contract recites, "is about equal in amount to one-half of the debts incurred by said firm during the continuance of said co-partnership, and now unpaid and outstanding as liabilities of said firm." While this tends to show what the parties had in mind by the expression in clause 3 of contract A, "all debts owing by said firm," it does not by its terms exclude all other debts, and hence it was proper, in further aid to a true construction, to resort to the surrounding facts and circumstances as they existed when the contracts were made. Griffiths v. Hardenbergh, 41 N. Y. 464; Bank v. Myles, 73 N. Y. 335. Ten years had elapsed since they had succeeded to the business of their father, and for some reason or other they had come to regard his old debts as honorary obligations, to be paid if their business or fortunes should give them the ability to pay them. Their business did

not give much promise of ability to pay them, but they, with their sisters, were looking hopefully for a favorable issue of their suit over the will of their deceased uncle, the late Samuel J. Tilden. They and their four sisters had agreed that, if their hopes in this respect should be realized, they would discharge their father's debts by contributing ratably thereto from the funds each one would receive from their uncle's estate. It is easy to understand that, with such an arrangement between these parties and their sisters in respect to their common contribution to the payment of their father's debts in the event of the successful issue of their suit, and in view of the lack of any other means of paying such debts, that they did not mean by the phrase, "debts owing by said firm," the old debts of their father, or that the plaintiff alone should pay them.

It was proper also, in aid of the true construction, to resort to the practical construction which these parties gave to the third clause of contract A. Woolsey v. Funke, 121 N. Y. 88, 24 N. E. 191; Nicoll v. Sands, 131 N. Y. 24, 29 N. E. 818. The suit referred to was ultimately determined in their favor, and from its proceeds the debts of their father were satisfied; these parties and their sisters contributing ratably for the purpose, except as to one considerable item, which these parties, without the aid of their sisters, assumed and paid. If the defendant had understood that contract A required the plaintiff to pay these debts and save him harmless therefrom, it is probable that he would have said so at the time. But, instead thereof, he contributed to their payment more than the $33,300 which the plaintiff seeks by this action to recover under the clause of the contract before referred to, whereby the defendant agreed to pay the plaintiff $55,000 if the suit should be won.

Again, if there is a latent ambiguity in the terms of a contract, or arising because the subject-matter needs definition, or by reason of extrinsic facts causing doubt, parol evidence is admissible in aid of its solution. Bowman v. Insurance Co., 59 N. Y. 521; Streppone v. Lennon, 143 N. Y. 626, 37 N. E. 638; Bank v. Kaufman, 93 N. Y. 273. The plaintiff testifies that, while the contracts were lying before them awaiting their signatures, he said to the defendant:

"Now, George, these papers are signed with the express understanding that they don't embrace any of those old debts of father's, but simply allude and refer to the debts which you and I have contracted since we took the business, the last Monday in July of 1879."

And he said:

"Yes, if we win the will, the girls will pay their share; and if we don't, it won't matter much."

Thus all the evidence was admissible under either aspect of the case. We are satisfied that the right result was reached, and that no error was committed to the prejudice of the defendant.

Judgment affirmed, with costs. All concur.