TEACHERS' BUILDING & LOAN ASS'N OF NEW YORK CITY v.
SEVERANCE et al.

(Supreme Court, Appellate Division, Second Department.   June 6, 1899.)

BUILDING AND LOAN ASSOCIATIONS—RESOLUTIONS—CONSTRUCTION BY PARTIES—
ESTOPPEL.
    Plaintiff building and loan association, from whom defendant had ob-
tained a loan on which interest was payable monthly, passed a resolution
that defendant and others who "obtained loans * * * when the con-
stitution provided for a reduction of interest at the end of each three
months * * * be allowed a reduction of 94 cents * * * at the end
of each three months." From that time defendant reduced her interest
payments 94 cents each month, and plaintiff for six years accepted such
payments, without objection and without charging defendant with fines
for default.   Held, that plaintiff is estopped by the construction thus placed
on the resolution from claiming that it provided only for a reduction of 94
cents each three months.

Appeal from judgment on report of referee.

Action by the Teachers' Building & Loan Association of New
York City against Martha R. Severance and another. From a
judgment for plaintiff entered on the report of a referee, defend-
ants appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

H. E. Lee, for appellants.
Miron Winslow, for respondent.

HATCH, J.   This action was brought for the foreclosure of a
mortgage executed and delivered by the defendants.   The plaintiff
is a building and loan association, and the bond and mortgage
referred to the articles of association, and conditioned that pay-
ments should be made thereon pursuant to their terms.   The par-
ties have assumed that the manner and method of the payment
of interest were regulated not alone by the terms of the bond and
mortgage, but in accordance with the articles of association, and
the resolutions which might be adopted pursuant to its constitu-
tion and rules; and as a part of the plaintiff's case, and in order
to determine the amount presently due upon the bond and mort-
gage, the resolution to which reference will hereafter be made was
adopted, regulating the reduction in the rate of interest as author-
ized by the constitution in existence when the bond and mortgage
were executed.   It is therefore clear that the rights of the parties
are to be determined, having reference to the constitution and
articles of association, and the action of the directors in passing
the resolution reducing the interest charge, as the whole consti-
tutes the contract between these parties.   By the terms of the
bond and mortgage the principal and interest were to be paid on
the last Friday of each January, February, March, April, May,
October, November, and December.   The instruments bear date
January 15, 1888, and payments were made thereon in accordance
with their terms until September, 1889, when the plaintiff regularly
adopted the following resolution:   "In regard to a reduction of in-

terest on loans, we offer the following: Whereas, Mrs. Martha L. Severance" and other persons named "obtained loans from the association when the constitution provided for a reduction of interest at the end of each three months: Therefore, resolved, that Martha L. Severance be allowed a reduction of 94 cents  *  *  *  at the end of each three months from the time the interest commenced on the several loans." After the passage of this resolution, the defendant Martha L. Severance made a reduction upon her interest charge of 94 cents each month, and paid the same over to the collectors of the association, and the association entered the same in its books. These payments continued to be made, with the deduction of the fixed sum of 94 cents for each month, from September, 1888, to about November, 1894,—a period of over six years,—during which time there was not a suggestion made that the defendant had not paid all that she was required to pay, under the terms of the bond and mortgage and the action of the plaintiff in passing its resolution in respect thereto. It is clearly evident that, if the terms of the resolution necessarily import a deduction of only 94 cents for each period of three months, then the parties have been acting under a mutual mistake for a period of over six years, as both parties had before them at all times the instruments, including the resolution, which constituted the contract between these parties. If the terms of this resolution, when construed in connection with the bond and mortgage, are ambiguous in their character, and permit of different interpretations, then as the plaintiff framed and adopted its own resolution, and the defendant acted thereunder pursuant to her interpretation, which was acquiesced in by the plaintiff, and both parties acted thereon for six years, the case presents strong reasons for holding that the parties themselves, by actual interpretation of the terms of the contract, have settled their rights and liabilities in respect thereto. It is not claimed that the defendant has been in default in making any payments of any character specified in the bond and mortgage, or that she has not at all times promptly responded to any and all obligations, except in making the claimed erroneous deduction from the interest charge. The default, therefore, which must support the right to foreclose this mortgage is to be found in her failure to pay this difference between 94 cents each month and 94 cents every three months, which amounted, as claimed by the plaintiff, at the time of the discovery, to about the sum of $635. The case in this respect presents no dispute of fact, as we assume that, if the resolution necessarily limited the reduction of interest to 94 cents for the period of each three months, then the defendant would be equally chargeable with such interpretation as would be the plaintiff. The case is therefore to be disposed of upon undisputed facts and by a construction of the terms of the resolution and the acts of the parties thereunder. In this connection it is pertinent to observe that by the terms of the bond and mortgage the interest is payable in specified months of the year, and not quarterly, as is provided by the resolution when the deduction shall be made. Its language is 94 cents "at the end of each three months." If the resolution be held to relate to the time when interest is payable, then, if it was to be at the rate of 94 cents for three months, the re-

duction would be for one-third of such sum. But there is no specification in the resolution of any such fact. The reduction is to be 94 cents each three months. But it would not be an unreasonable interpretation to say that the 94 cents had reference to the reduction to be made at the date when the payment was due, which was each month, but was not to be deducted except at the end of each quarter; and, if the resolution be susceptible of such construction, then there would be no reason in not holding that the amount of the reduction had reference to the time when the interest fell due, and that the language, "at the end of each three months," had reference alone to the time when the reduction was to be made, and not to the amount. It is easy to see that the resolution as framed is ambiguous in its terms, and may be construed as providing for a reduction at the given rate at the regular monthly payments of interest; and such construction should be made if the language used, giving force to all, is susceptible thereof. Fiske v. Williams, 4 App. Div. 487, 38 N. Y. Supp. 899; Edsall v. Transportation Co., 50 N. Y. 661. This is the ordinary rule of interpretation as laid down by the courts. It is also a well-settled canon of construction, laid down by Mr. Justice Swayne in Insurance Co. v. Dutcher, 95 U. S. 269, in these words:

"The construction of a contract is as much a part of it as anything else. There is no surer way to find out what parties meant than to see what they have done. Self-interest stimulates the mind to activity, and sharpens its perspicacity. Parties in such cases often claim more, but rarely less, than they are entitled to. The probabilities are largely in the direction of the former."

This rule is cited with approval in Woolsey v. Funke, 121 N. Y. 87, 24 N. E. 191. See Nicoll v. Sands, 131 N. Y. 19, 29 N. E. 818; Tilden v. Tilden, 8 App. Div. 99, 40 N. Y. Supp. 403.

In the present case the plaintiff, having drafted its resolutions, acquiesced for six years and over in the interpretation placed upon it by the defendant. It would be difficult to present a stronger illustration by way of actual application of the language of Mr. Justice Swayne than is here presented. The plaintiff was certainly under the stimulus of self-interest, because it was the recipient of the moneys; and, if under such a spur it could not discover for a period of six years that it was entitled to more money than it was receiving, when it was constantly in such reception each month, it strains no rule to say that the proper interpretation of their own language was the interpretation which the defendants placed upon it respecting the deduction to which she was entitled. During this period of time the defendant, if she now be held to be in default, has subjected herself to fines which have never been inflicted, to a loss of profits for which there appears to have been no claim of deduction, and to a default in the fulfillment of her obligation of which not the slightest suggestion was made. Under such circumstances, we think that the acts of the parties themselves have placed an interpretation upon this contract which precludes assertion by the plaintiff of any default in the payment of any sums which it was entitled to exact. If this judgment is to be supported, then we must say that the defendant has fulfilled every obligation which she supposed her contract required her to perform, and that the plaintiff has for six years

accepted this discharge of the defendant's obligation without a murmur of complaint that she had not fulfilled all that the contract required her to do.    By virtue of these acts on the part of the plaintiff, the defendant has been distinctly prejudiced.    Her obligation was to discharge the amount of her loan in small sums, in such amounts and at such times as her meager means would permit.    In fulfillment of this obligation she became entitled to her proportion of such profits as the association might make, and thereby pro tanto discharge her obligation, and to receive a profit from her investment. It is fair to assume that the accumulation of a large amount, which was expected to be discharged in small sums at stated periods, has at the present time, if her default be established, placed it beyond her means to fulfill the obligation by payment.    Such was the statement made upon the argument.    She is also deprived of the profits which she might have realized from her investment.    Under such circumstances, we think the plaintiff, by virtue of its acts, should now be held estopped from insisting that the defendant is in default in any sum due upon the bond and mortgage at the time when the plaintiff instituted its action of foreclosure.    Trustees v. Smith, 118 N. Y. 634, 23 N. E. 1002; Pratt v. Ano, 7 App. Div. 494, 40 N. Y. Supp. 229; Bimson v. Bultman, 3 App. Div. 198, 38 N. Y. Supp. 209.

The judgment should therefore be reversed, and a new trial granted, costs to abide the final award of costs.    All concur.