## RODGER v. TOILETTES CO.

(Supreme Court, Appellate Term. March, 1902.)

1. EVIDENCE—WRITTEN INSTRUMENTS—PAROL EVIDENCE—ADMISSIBILITY—AMBIGUITY—SOURCE.

Plaintiff sued for printing work done on defendant's magazine under a written contract. Defendant counterclaimed for electrotype plates for previous issues, charged for, but not made. Plaintiff introduced in evidence a letter asking if it was necessary to "electro" the last four pages, and stating that it would save time to print from metal plates. The witness producing the letter testified that the writer wanted to save time by printing from the original type, and that in an interview it was agreed that the contract be modified, and that type work be charged for at the rate of electrotype plates; but, when the letter was shown witness, he could not explain what was meant by "metal plates." *Held*, that evidence of the writer of the letter offered by defendant to explain the use of the words was improperly rejected, since, assuming the letter to be a modification of the contract, if the words "metal plates" had a definite meaning, which needed no explanation, they were made ambiguous by extrinsic circumstances.

2. TRIAL—RECEPTION OF EVIDENCE—WRITTEN INSTRUMENT—AMBIGUITY—DISCLOSURE—RIGHT TO EXPLAIN.

Where an expression in a written contract is shown by extrinsic matters to be ambiguous, the fact that the ambiguity was disclosed by defendant's cross-examination does not affect defendant's right to explain the ambiguity.

3. CONTRACTS—BREACH—ACTIONS—CONDITIONS PRECEDENT—DEMAND—NECESSITY.

Where a contract calls for delivery of goods on demand, a demand is necessary before the other party can be put in default.

Appeal from city court of New York, general term.

Action by William C. Rodger against the Toilettes Company. From a judgment of the general term of the city court of the city of New York affirming a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Elon S. Hobbs, for appellant.

Smith & Bowman (Artemas B. Smith, of counsel), for respondent.

GIEGERICH, J. The plaintiff sued upon an assigned claim for the agreed price of certain printing work in the preparation of the edition of the magazine Toilettes for the month of March, 1900, and the defense was mainly directed to a counterclaim for overcharges in the matter of the printing work for editions prepared by the plaintiff's assignor during certain months in the year 1899; it being alleged that charges had been made for electrotype plates, in accordance with the agreed scale of prices, but that the plates charged for had not been made. To meet this contention, and also to support charges for plates in the bill in suit, the plaintiff undertook to show that by consent of the parties a charge was to be made for these plates when original type was used, for the purpose of saving time in preparing the publication; and, to prove this modification.

·of the original agreement, plaintiff's witness Blanchard testified to the receipt of a letter from one Crotty; his testimony being, "That .is the letter that I say altered the contract." So far as bearing upon the question of the substitution of type for electrotyping, this letter reads: "We suppose you are doing your very best on Toilettes. Do you think it necessary to electro those last four pages? It would save time to print from metal plates." Testifying generally to the purport of the letter, Blanchard stated that Mr. Crotty "wanted ·to know if I could not save time by printing from the original type"; but when the letter was placed before the witness he testified, "I do ·not know what 'metal plates' referred to." These words, however, were the only words used to denote a substitution of something for ·the electrotyping; and, to explain his conclusion that the words .meant original type, the witness Blanchard testified that on receipt of the letter he had an interview with Crotty, as the result of which, he states, it was agreed that the type work should be charged for .at the rates applicable to electrotyping. Thereafter the defendant called Mr. Crotty, and sought to prove by him what he meant by the use of the words "metal plates" in his letter; but the testimony ·was excluded at the plaintiff's instance, under exception. We think ·that this ruling was erroneous. Not only is it apparent that the writing failed to express the full agreement upon which the plaintiff ·relied, but, treated as a contract, the necessity of its explanation for the discovery of the meaning of the words "metal plates" was made ·to arise by the testimony of the party to whom this letter was addressed. If, on their face, these words had any definite meaning, ·certainly their ambiguity was disclosed by extrinsic circumstances (Tilden v. Tilden, 8 App. Div. 99, 104, 40 N. Y. Supp. 403); and we have no doubt that Crotty's explanation of what he referred to by the words used was admissible, and not within the rule which ·prohibits the alteration of written contracts by parol evidence. Neff v. Klepfer, 16 Misc. Rep. 49, 51, 37 N. Y. Supp. 654. The fact that Blanchard's testimony as to this asserted modification of the earlier agreement was brought out by defendant's counsel on cross-examination does not affect the question. Plaintiff's case in chief was sought to be made out by Blanchard's evidence in support, generally, of the correctness of the bill produced, and this matter of the modified con-·tract followed in the course of the witness' explanation of an appar-·ent charge for plates excessive of the actual number in the March edition. The assertion of this contract on the plaintiff's part was relevant to the issues tendered by the counterclaim, and, whether brought out on cross-examination or not, the defendant's right to present the whole contract to the court was unaffected.

The direction of a verdict for the plaintiff, the fact having been left ·to the court to decide, was supported by the evidence, and, so far as the counterclaim was for nondelivery of plates charged for, there is proof that by the agreement the plates were to be delivered to ·the defendant when it wanted them; hence a demand was necessary, ·and there was credible evidence that all plates demanded had been delivered. No substantial ground for an appeal appears to be presented by the exceptions argued, other than the one which we have

discussed; but the error pointed out was clearly prejudicial, and
there should be a new trial.

Judgment reversed, and new trial ordered, with costs to appellant
to abide event. All concur.