WILLIAM C. RODGER, Respondent, *v.* THE TOILETTES Co., Appellant.

APPEAL from affirmance by the General Term of the City Court of the city of New York of a judgment in favor of the plaintiff rendered upon direction of a verdict.

The nature of the action and the material facts are stated in the opinion.

Elon S. Hobbs, for appellant.

Smith & Bowman (Artemas B. Smith, of counsel), for respondent.

GIEGERICH, J.  The plaintiff sued upon an assigned claim for the agreed price of certain printing work in the preparation of the edition of the magazine " Toilettes " for the month of March, 1900, and the defense was mainly directed to a counterclaim for overcharges in the matter of the printing work for editions prepared by the plaintiff's assignor during certain months in the year 1899, it being alleged that charges had been made for electrotype plates, in accordance with the agreed scale of prices, but that the plates charged for had not been made.

To meet this contention and also to support charges for plates in the bill in suit, the plaintiff undertook to show that by consent of the parties a charge was to be made for these plates when original type was used, for the purpose of saving time in preparing the publication, and to prove this modification of the original agreement, plaintiff's witness Blanchard testified to the receipt of a letter from one Crotty, his testimony being " that is the letter that I say altered the contract."

So far as bearing upon the question of the substitution of type for electrotyping, this letter reads: " We suppose you are doing your very best on Toilettes, do you think it necessary to electro those last four pages?  It would save time to print from metal plates."

Testifying generally to the purport of the letter, Blanchard stated that Mr. Crotty " wanted to know if I could not save time by printing from the original type," but when the letter was placed before the witness he testified " I do not know what ' metal plates ' referred to."

These words, however, were the only words used to denote a substitution of something for the electrotyping, and, to explain his conclusion that the words meant original type the witness Blanchard testified that on receipt of the letter he had an interview with Crotty, as the result of which, he states, it was agreed that the type work should be charged for at the rates applicable to electrotyping.

Thereafter the defendant called Mr. Crotty and sought to prove by him what he meant by the use of the words " metal plates " in his letter, but the testimony was excluded at the plaintiff's instance, under exception. We think that this ruling was erroneous.

Not only is it apparent that the writing failed to express the full agreement upon which the plaintiff relied but, treated as a contract, the necessity of its explanation for the discovery of the meaning of the words " metal plates " was made to arise by the testimony of the party to whom this letter was addressed. If, on their face, these words had any definite meaning, certainly their ambiguity was disclosed by extrinsic circumstances (Tilden v. Tilden, 8 App. Div. 99, 104), and we have no doubt that Crotty's explanation of what he referred to by the words used was admissible, and not within the rule which prohibits the alteration of written contracts by parol evidence. Neff v. Klepfer, 16 Misc. Rep. 49, 51.

The fact that Blanchard's testimony, as to this asserted modification of the earlier agreement, was brought out by defendant's counsel of cross-examination does not affect the question.

Plaintiff's case in chief was sought to be made out by Blanchard's evidence in support, generally, of the correctness of the bill produced, and this matter of the modified contract followed in the course of the witness' explanation of an apparent charge for plates excessive of the actual number in the March edition.

The assertion of this contract on the plaintiff's part was relevant to the issues tendered by the counterclaim, and, whether brought out on cross-examination or not, the defendant's right to present the whole contract to the court was unaffected.

The direction of a verdict for the plaintiff, the fact having been left to the court to decide, was supported by the evidence, and, so far as the counterclaim was for nondelivery of plates charged for, there is proof that, by the agreement, the plates were to be delivered to the defendant when it wanted them; hence a demand was necessary, and there was credible evidence that all

plates demanded had been delivered.  No substantial ground for an appeal appears to be presented by the exceptions argued other than the one which we have discussed, but the error pointed out was clearly prejudicial and there should be a new trial.

FREEDMAN, P. J., and GREENBAUM, J., concur.

Judgment reversed and new trial ordered with costs to appellant to abide event.