## WALTER CONNALLY & CO. v. STEGER.
### (No. 3516.)

Court of Civil Appeals of Texas. Texarkana.
Feb. 24, 1928.

Rehearing Denied March 8, 1928.

1. Chattel mortgages ⬤⟹173(1)—Mortgagee out of possession at time of levy on mortgaged property may not assert claim unless entitled to immediate possession (trial of right of property statute).

Mortgagee out of possession when mortgaged property is levied upon is not entitled to obtain possession thereof under trial of right of property statute (Rev. St. 1925, arts. 7402–7425), when property is levied upon, unless at the time of the levy the mortgagee has a right to immediate possession of the property.

2. Chattel mortgages ⬤⟹173(1)—Chattel mortgagee, authorized to recover property after default or whenever demanded, held not entitled to property in mortgagor's possession, levied on before debt matured (trial of right of property statute; Rev. St. 1925, arts. 7420, 7423).

Where mortgage covering lumber provided that mortgagor should deliver property to mortgagee on or before due date of indebtedness "or whenever demanded," and authorized mortgagee to seize and sell property in case of failure to pay indebtedness when due, mortgagee out of possession at time of levy on property under execution, who had not demanded property, was not entitled to it under trial of right of property statute (Rev. St. 1925, arts. 7402–7425), and was liable for its value under articles 7420 and 7423, where levy took place before due date or mortgage; mortgagee not being entitled to immediate possession.

Appeal from District Court, Cass County; Hugh Carney, Judge.

Proceeding by Walter Connally & Co., as judgment creditor, by writ of execution, against A. R. Scroggins, judgment debtor, in which J. C. Steger asserted a right to possession of certain lumber upon which levy was made under the Trial of Right of Property Statute (Rev. St. 1925, arts. 7402–7425). From a judgment for the third party claimant, the judgment creditor appeals. Reversed and rendered.

Appellants, Walter Connally & Co., having procured the issuance of an execution on a judgment (for $175, interest, and court costs) in their favor, against one A. R. Scroggins, on July 3, 1926, had the sheriff of Cass county to levy the writ on lumber owned by and in the possession of said Scroggins. At the time it was levied on, the lumber was on a yard used by Scroggins in connection with a sawmill he operated. Claiming he had a right to possession of the lumber, appellee J. C. Steger presented his affidavit and bond to the sheriff as provided for in the "trial of right of property statute," (title 125, R. S. 1925), and in that way obtained possession of the property. Appellee's claim of such a right was based on the facts (as he alleged) that Scroggins was indebted to him, that payment of the indebtedness was secured by a mortgage on the lumber, and that stipulations in the mortgage gave him a right to such possession. The mortgage referred to (executed by Scroggins April 24, 1926, and filed for registration April 27, 1926) purported to convey to appellee certain live stock and corn and cotton crops, as well as the lumber in controversy, for the purpose of securing a note for $2,000 made by Scroggins, payable to appellee October 1, 1926, and other indebtedness Scroggins might owe appellee. By the terms of the mortgage Scroggins was—

"to gather and house the cotton and corn hereby mortgaged, and in good time, order and condition, and have the same, together with all the property herein mortgaged and described, delivered to the said J. C. Steger in the county of Cass, state of Texas, on or before the 1st day of October, A. D. 1926, or whenever demanded."

And the instrument contained a provision as follows:

"If all of said indebtedness shall be faithfully paid according to its legal tenor and effect, then this obligation shall become null and void, oth-

erwise to remain in full force and effect, and the said J. C. Steger, agent or legal representative, are hereby authorized (by) me to seize said property with or without my consent or knowledge, and to sell the same at public or private sale," etc.

Appellants insisted that the stipulations appellee relied on (set out above) did not entitle him to possession of the property at the time he presented the claim affidavit and bond to the sheriff; and they insisted further that the mortgage was void by force of article 4000, R. S. 1925, providing that—

"Every mortgage, deed of trust or other form of lien attempted to be given by the owner of any stock of goods, wares or merchandise daily exposed to sale, in parcels, in the regular course of business of such merchandise, and contemplating a continuance of the possession of said goods and control of said business, by sale of said goods by said owner, shall be deemed fraudulent and void."

After hearing the evidence, the trial court thought it conclusively appeared that the mortgage was not in contravention of the statute referred to, and that appellee by the terms of the instrument was entitled to possession of the lumber. Therefore he instructed the jury to return a verdict in appellee's favor, and, the jury having done so, rendered judgment that appellants take nothing by their suit.

J. A. R. Moseley, Jr., of Texarkana, for appellant.

Bartlett & Newland, of Linden, for appellee.

WILLSON, C. J. (after stating the facts as above.) [1, 2] A mortgagee out of possession when the mortgaged property is levied upon is not entitled to the remedy provided by the trial of right of property statute referred to in the statement above, unless at the time of the levy he has a right to immediate possession of the property. Garrity v. Thompson, 64 Tex. 597; Willis v. Satterfield, 85 Tex. 301, 20 S. W. 155; State Exch. Bank v. Smith (Tex. Civ. App.) 166 S. W. 666. It conclusively appeared appellee did not have possession of the lumber at the time it was levied upon, and appellants insist it did not appear he had a right to such possession at that time. It will be seen, on referring to the statement above, that Scroggins agreed to deliver the mortgaged property to appellee "on or before the 1st day of October, A. D. 1926, or whenever demanded," and authorized appellee to seize and sell the property if he failed to pay the indebtedness on or before the time it became due, to wit, said October 1, 1926. It will be noted a right to seize and sell the property before October 1, 1926, was not conferred upon appellee. Therefore the question is, Did appellee at the time of the levy, to wit, July 3, 1926, have a right to im-

mediate possession of the mortgaged property by force of Scroggins' undertaking to deliver same to him "whenever demanded"? We think not. Certainly he was not entitled to such possession until he demanded it, and it was not pretended in the testimony that he made such a demand before appellants' writ was levied on the lumber. 13 C. J. 660; Rodger v. Toilettes Co., 37 Misc. Rep. 779, 76 N. Y. S. 940; Newton Co. v. Ellis (Tex. Civ. App.) 285 S. W. 691.

The conclusion reached requires a reversal of the judgment, without reference to whether the mortgage, so far as it was on the lumber, was in contravention of article 4000, R. S. 1925, referred to in the statement above, or not; and the contention as to that phase of the case will not be determined.

Reversing the judgment of the trial court, judgment will be rendered here that appellants have and recover of appellee and the sureties on his claim bond $200, the value of the lumber levied upon, and interest on that sum from August 10, 1926, the date of said bond. Articles 7420, 7423, R. S. 1925.