STATE EXCHANGE BANK v. SHIVE & KEYS MILL & GRAIN CO. (No. 7204.)

(Court of Civil Appeals of Texas. Dallas. Oct. 31, 1914.)

CHATTEL MORTGAGES (§ 173*)—CLAIMS OF THIRD PERSONS — ATTACHMENT — RIGHT OF ACTION.

A mortgagee, who has, by the terms of his mortgage, the right to take immediate possession of the mortgage chattels on default of payment, has the right to prosecute an action for the trial of the right of property against one who attaches the mortgage chattels.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 307, 309, 316–326; Dec. Dig. § 173.*]

Appeal from District Court, Ellis County; F. L. Hawkins, Judge.

Action by the Shive & Keys Mill & Grain Company against Acklin Bros., in which the State Exchange Bank intervened, claiming the attached property under the chattel mortgage. From a judgment for the plaintiff against the claimant, the claimant appeals. Reversed and remanded.

Will Hancock, of Waxahachie, and Ledbetter, Stuart & Bell, of Oklahoma City, Okl., for appellant. Supple & Harding, of Waxahachie, for appellee.

RAINEY, C. J. This is an action for the trial of the rights of property. On December 16, 1912, appellees, Shive & Keys Mill & Grain Company, a partnership composed of W. E. Shive and J. D. Keys, as plaintiffs, instituted suit in the district court of Ellis county, Tex., against Acklin Bros., as defendants, to recover $1,055.29 and costs of suit, and caused a writ of attachment to issue in said suit, which writ was levied by the sheriff of Ellis county, Tex., upon six horses, valued by said sheriff at $1,200. Appellant, State Exchange Bank, claimant, presented to said sheriff its claimant's bond and affidavit, both executed in accordance with law, and said sheriff turned over said personal property to appellant. Claimant filed issues claiming it was entitled to the immediate possession of said property by virtue of the terms of a certain chattel mortgage executed and delivered to it by Acklin Bros., to secure the payment of two promissory notes due it by said Acklin Bros., on which was still owing about $7,300, then past due.

Appellee filed its motion praying judgment against claimant on the facts stated in said issues tendered, for the reason that the issues tendered by it showed that claimant was a mere lienholder, and not in possession of said property when levied on by virtue of said attachment. It further tendered the issue that the debt claimed by the appellant was fictitious and without consideration, and that said indebtedness and mortgage were fraudulent and void and made for the purpose of defrauding, hindering, and delaying creditors. The court held that, claimant not being in possession of the property at the time of levy, it was not entitled to prosecute this suit, and sustained appellee's motion, and rendered judgment for appellee without hearing evidence on the issue as to the fraudulent execution of the notes and mortgage for the purpose of defrauding creditors.

This is a companion case to Bank v. Smith, decided last term of this court, which is reported in 166 S. W. 666, wherein it was held that a mortgagee, having, by the terms of the mortgage, the right to take immediate possession of the property on default of payment, has a right to prosecute an action for the trial of the right of property, and said cause was reversed and remanded that the issue of fraudulent execution of the notes and mortgage might be determined. For the same reason the judgment in this case is reversed, and cause remanded.

Reversed and remanded.