## BOOTH–LAW CO. v. SPRUCE. (No. 115.)

(Court of Civil Appeals of Texas.    Waco.
Dec. 11, 1924.)

Chattel mortgages ⬤⟲173(1)—Mortgagee held entitled to remedy of trial of right of property against attaching creditor.

Where mortgagor's creditors levy on mortgaged property, mortgagee is entitled to trial of right of property, where the mortgage provides that on seizure on legal process, or default, mortgagee may take possession.

Appeal from Dallas County Court, at Law; T. A. Works, Judge.

Action by the Booth-Law Company against Earl P. Prigmore, in which attachment was levied on two automobiles. Mrs. B. F. Spruce filed a claimant's oath and bond, and on hearing judgment was granted in her favor, and plaintiff appeals. Affirmed.

F. L. Peyton, Jr., of Dallas, for appellant.
Brown & Renfro, of Dallas, for appellee.

BARCUS, J. Appellant filed suit in Dallas county against Earl P. Prigmore and had an attachment levied on two automobiles. Appellee claimed said automobiles and filed a claimant's oath and bond under the statute for trial of right of property. In her pleadings she alleged she had a mortgage on said automobiles to secure a debt which Earl P. Prigmore owed her; that the debt was past due and unpaid, and that the mortgage provided:

"If said mortgagor defaulted in the payment of the debt or attempted to sell the mortgaged property, or upon any seizure of any part of the mortgaged property by any process of law, * * * or if the holder of said note should at any time feel unsafe or insecure from any cause, then in any of the foregoing events said mortgagee or her assign, agent or representative is hereby authorized * * * to take actual possession of said property."

Upon the filing of the affidavit and bond, the sheriff of Dallas county who had attached the automobiles delivered same to appellee, and having fixed the value of the cars at $300, he returned the papers to the county court at law of Dallas county. The cause was tried before the court and judgment rendered in favor of appellee. There is no statement of facts in the record, and the only question presented in this court which can be considered is whether appellee by virtue of her mortgage lien was entitled to the remedy of trial of right of property? The courts of this state have held, under the identical terms of the mortgage involved herein, that the mortgagee has the right to maintain a suit for trial of right of property against a creditor who levies an attachment or execution on the mortgaged property. State Ex-

change Bank v. Smith (Tex. Civ. App.) 166 S. W. 666 (writ refused); State Exchange Bank v. Shive-Keys Mill & Grain Co. (Tex. Civ. App.) 170 S. W. 1051; Jones v. Lawrence (Tex. Civ. App.) 151 S. W. 584.

The judgment of the trial court is affirmed.