### BRIGGS v. BRIGGS. (No. 2659.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 27, 1922. Rehearing Denied Jan. 4, 1923.)

1. Attachment ⬤164—Levy on undivided interest must be constructive.

Although cotton in possession of the landlord and in which tenant has a three-fourths interest and his landlord a fourth interest can be levied on, as respects the tenant's undivided interest, by a creditor of the tenant, under Rev. St. arts. 254, 3743, 3744, yet it is subject only to a constructive levy of the attachment writ, that is, by giving the notice required by articles 255, 3740, and if the statutory course is not followed, and the officer levies the writ by taking possession of the property, there results an illegal ouster of rightful possession of the landlord which can be regained in the statutory proceeding of trial of right of property.

2. Attachment ⬤335—Levy contrary to statute results in loss of attachment lien.

Where, in action by tenant's creditor, the officer levying plaintiff's writ of attachment on cotton in possession of the landlord and in which the tenant had a three-fourths interest and the landlord a fourth interest for rent, actually seized and levied upon the cotton and threatened to take the cotton from the warehouse and required the landlord to file a claimant's affidavit and bond, the landlord's possession was illegally ousted and disturbed, and, the levy of attachment being contrary to Rev. St. arts. 255, 3740, the attachment lien was lost, so that plaintiff could not recover judgment on the landlord's claim bond for the value of the three-fourths interest of the tenant in the cotton on the ground that the landlord sold the entire cotton after the claim bond was filed.

Appeal from Bowie County Court; O. B. Pirkey, Judge.

Action by C. E. Briggs against W. A. Briggs, wherein plaintiff attached certain property, which W. A. Briggs claimed. Judgment for claimant, and plaintiff appeals. Affirmed.

See, also, 227 S. W. 511.

The suit is a trial of the right of property under the statutes. C. E. Briggs brought a suit against T. M. Briggs on a certain promissory note, and sued out an attachment writ which was levied upon "the undivided three-fourths interest" that T. M. Briggs owned in two bales of cotton then "stored in the public warehouse No. 2031 in New Boston, Tex." The two bales of cotton had been grown on the farm of W. A. Briggs, appellee, by T. M. Briggs as his tenant under a rental contract whereby W. A. Briggs was to receive as rent one-fourth of the cotton and one-third of the corn raised during the year. And it appears the two bales of cotton were, at the time they were ginned, placed by W. A. Briggs in the warehouse through an agreement with T. M. Briggs. The cotton, after it was placed in the warehouse, was marked "W. A. Briggs and T. M. Briggs," merely, as appears without dispute, for convenience, to distinguish it from other cotton there owned and stored by W. A. Briggs. The officer levying the writ of attachment, as appears from his undisputed evidence, actually "seized and levied upon the cotton," and "told W. A. Briggs that he had seized and levied upon the three-fourths of the two bales of cotton, and that he wanted him to file a claimant's bond, and to do it at once or he would move the cotton from the warehouse." W. A. Briggs prepared his affidavit and bond, and the same was approved and the cotton released. W. A. Briggs testified, in effect, that T. M. Briggs, his tenant, raised the two bales of cotton on his farm, and that at the time the cotton was ginned it was turned over to him to pay his rent and to secure a debt for supplies and money advanced to make the crop in a sum aggregating $103, and that he agreed with T. M. Briggs to withhold the cotton from sale until higher prices prevailed in the cotton markets, and that he (W. A. Briggs) placed the cotton in the warehouse; that after the cotton was placed in the warehouse he advanced to T. M. Briggs the further sum of $72.50, and

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was to hold the cotton to secure all the debts owing to him by T. M. Briggs. T. M. Briggs admitted owing the debts claimed by both the plaintiff and the claimant. But C. E. Briggs testified:

"I learned that T. M. Briggs had made and gathered four bales of cotton, and that he had sold two bales of cotton, and that he had two bales of cotton in a warehouse in New Boston. Some short time after learning this, I went to New Boston for the purpose of seeing W. A. Briggs, because I knew T. M. Briggs was a tenant of W. A. Briggs and that they were brothers. When I met W. A. Briggs at New Boston, I asked him how much T. M. Briggs owed him, and he replied that 'Mike (T. M. Briggs) did not owe me a cent.' He further said, 'You are not going to get that two bales of cotton in the warehouse, as I am the landlord and I am going to hold it.'"

The court submitted the case to a jury on special issues, and they made the special findings of fact that: (1) T. M. Briggs raised the two bales of cotton on the rented premises of W. A. Briggs, and agreed to pay one-third of the corn and one-fourth of the cotton raised as rent; (2) that "W. A. Briggs did not have any interest in the cotton levied on at the time of the levy"; (3) that T. M. Briggs in November, 1918, before the suit, "turned the two bales of cotton in controversy over to W. A. Briggs"; (4) that the two bales of cotton were turned over to W. A. Briggs for the purpose of holding them until there were higher prices payable for cotton in the cotton market; and (5) that T. M. Briggs did not, at the time the two bales of cotton were put in the warehouse, nor at the time of the levy of the attachment writ, owe W. A. Briggs "anything" for supplies or for money advanced or loaned.

W. W. Arnold and Keeney & Dalby, all of Texarkana, for appellant.

J. B. Manning, of New Boston, for appellee.

LEVY, J. (after stating the facts as above). It is insisted by appellant that the findings of fact made by the jury required a judgment in his favor, and that it was error to enter, as was done, judgment thereon in favor of the claimant. The trial court was authorized, as he evidently did, to construe the verdict in the light of the further facts which were undisputed and of the issues pleaded, and in so doing he did not err in entering a judgment on the verdict in favor of the claimant, for the findings meant that the claimant was in lawful possession of all the cotton, with an interest therein to the extent of his one-fourth interest as rent. It was an admitted fact that W. A. Briggs, the landlord, had a one-fourth interest in the two bales of cotton. Further, T. M. Briggs, the tenant, "turned the two bales of cotton in controversy over to W. A. Briggs," when, according to the undisputed evidence, the cotton was ginned. And it was agreed at the time of such delivery that the cotton was to be withheld from sale until such time as "higher prices" should prevail in the cotton markets. Now in the trial W. A. Briggs claimed that T. M. Briggs turned the two bales of cotton over to him, not only for the rent, but also to secure his debts due for supplies and money advanced. But according to the jury findings T. M. Briggs did not owe W. A. Briggs "anything" for supplies or money advanced or loaned, and W. A. Briggs did not have "any interest" in the cotton "levied on," meaning "three-fourths interest." Therefore the plain meaning of the verdict, in the light of the facts, is that T. M. Briggs, the tenant, turned the two bales of cotton over to W. A. Briggs, the landlord, to pay the agreed rent of one-fourth of the cotton, and that such rent interest of one-fourth was the full extent of any claim or interest that W. A. Briggs had in the two bales of cotton. Consequently, W. A. Briggs, under the evidence and the jury findings, was in possession of all the cotton, with an interest in the same to the extent of one-fourth.

[1, 2] Under the facts the questions, then, in the case, are: (1) Was the cotton subject to levy under the attachment writ; and, if so, (2) was the course pursued in this case as prescribed by the statute? Under the statute the undivided interest of a pledgee or a partner is subject to a levy under a writ of attachment at the instance of a creditor. Articles 254, 3743, and 3744, Rev. Civ. Stat.; Briggs v. Briggs (Tex. Civ. App.) 227 S. W. 511. But it is subject only to a constructive levy of the attachment writ; that is to say, by giving the notice required by statute. Articles 255 and 3740, Rev. Civ. Stat. The officer levying the writ cannot legally take the property from "the possession" then rightfully held by the pledgee, assignee, or partner, and if the course prescribed by the statute for the levy of the writ in such cases is not followed, and the officer levies the writ "by taking possession thereof" of the property, there results an illegal ouster of rightful possession of the property held by the pledgee, assignee, or partner, which can be regained in the statutory proceeding of trial of right of property. Osborn v. Koenigheim, 57 Tex. 91; Schmick v. Bateman, 77 Tex. 330, 14 S. W. 22. So in this case when the officer levied the attachment and seized and threatened to take the two bales of cotton from the warehouse, and through compulsion of office required the appellee to make and file a claimant's affidavit and bond, the course prescribed by the statute for the levy of the writ was not followed, and the appellee's possession of the cotton was illegally ousted and disturbed; and as the levy of the writ of attachment was, in legal effect, contrary to law and void, the claimant had the right to regain that possession of the cotton that he had at the time of the wrongful ouster in

this case. Further, as the writ of attachment was not levied according to the course prescribed by the statute, an attachment lien on the property would not exist, and the appellant would in this case have no lien on the property in virtue of the attachment writ so illegally levied on the cotton. And therefore, having no lien on the cotton, the appellant was not entitled to a judgment on the appellee's claim bond for the value of the three-fourths interest of T. M. Briggs in the cotton on the ground that W. A. Briggs sold the entire cotton after the claim bond was filed. W. A. Briggs, having rightful possession of the cotton, could sell it and collect the proceeds of sale and pay over to T. M. Briggs or his order the three-fourths interest therein. Appellant could rightfully complain of the sale only in the event and upon proof that he had a lien thereon, and, if he did not have a lien thereon, the appellant could not complain.

The verdict, in the light of the admitted facts, authorized the judgment rendered, and the judgment is affirmed.