TAYLOR v. BENNINGFIELD. (No. 2843.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 4, 1924. Rehearing Denied Jan. 17, 1924.)

1. **Attachment ⬅175—That officer levying attachment did not know of claimant's interest in cotton did not render levy effective.**

The fact that officer levying attachment on cotton did not know that claimant owned an undivided half interest therein, nor that he had and held receipts or certificates therefor, would not render levy effective, the attaching creditor not being an innocent purchaser for value.

2. **Attachment ⬅302—Trial of right of property remedy for illegal ouster.**

If the statutory course is not followed and officer levies writ of attachment by taking possession of property, to possession of which attachment debtor was not entitled, there results an illegal ouster of rightful possession which can be regained in trial of right of property.

3. **Attachment ⬅164—Constructive levy only on debtor's interest in property to possession of which he was not entitled.**

Where by transfer of tickets or certificates by debtor, before levy of attachment, to owner of half interest in cotton, transferee was entitled to possession, only constructive levy could be made on debtor's half interest, since Rev. St. art. 3740, provides that, where debtor has interest but is not entitled to possession, levy cannot be made by taking possession.

Appeal from Red River County Court; George Morrison, Judge.

Action by R. A. Benningfield against L. E. Degan, in which W. W. Taylor claimed property attached. Judgment for plaintiff, and claimant appeals. Reversed and rendered.

The suit is a trial of the right of property under the statute. The appellee sued L. E. Degan on an open account, and had an attachment writ levied upon four bales of lint cotton. The appellant filed his claimant's affidavit and bond. The following facts were found by the trial judge, viz.:

"On the 23d day of September, 1922, the plaintiff sued out a writ of attachment in this said cause in the justice court and placed the same in the hands of E. Q. Ivey, a deputy constable of said justice precinct and who on the same date levied said writ of attachment on four bales of lint cotton described as follows: Bales Nos. 1273 and 1213 found on the ginyard of the Independent Gin Company of Clarksville; Bale No. 884 found on the platform of the Red River Storage Company of Clarksville, and Bale No. 1401 found on the gin lot of the Benningfield Gin about five miles southwest of Clarksville, all in Red River county.

"2. I find that all of said cotton was raised during the year 1922 by the said Lawrence E. Degan on a farm situated in Red River county, which farm had been rented by claimant, W. W. Taylor, from another, under a contract between the said Taylor and the said Degan, by which each of said parties was to receive a specific interest in the crops growing thereon, to wit, each one-half of all of said cotton; that at the time of the levy of said writ of attachment neither the said constable nor the said R. A. Benningfield had any notice whatever that claimant, Taylor, owned such undivided interest in said four bales of cotton; that all of said cotton was ginned in the names of Degan and was tagged by the ginners in the name of the said Degan, and that the bale on the storage platform was stored in said Degan's name and a warehouse receipt was issued to said Degan for said bale. I further find from the evidence that the claimant, W. W. Taylor, specially insisted that the cotton be ginned and marked in the name of the said Lawrence E. Degan, and that all of it should be held out to the world as the sole property of the said Degan in order that Degan's creditors might not think that he, Taylor, was trying to cover up the property from them."

It was admitted as a fact that the claimant was the owner of a one-half undivided interest in the four bales of cotton, and that at a time prior to the levy of the attachment L. E. Degan transferred and delivered to claimant the four cotton tickets, and which tickets claimant held and possessed before attachment and at time of suit.

Judgment was rendered against the claimant.

Dodd & Chambers, of Clarksville, for appellant.

R. T. Bailey, of Clarksville, for appellee.

LEVY, J. (after stating the facts as above.) The court's conclusion of law is assailed "that all of said cotton was legally in the possession of the said Degan at the time of the levy" of the attachment writ. Under the facts the question is, Was the levy of the attachment writ made in accordance with the provisions of the statutes in such cases made and provided?

[1, 2] The mere fact that the officer did not know that the claimant owned an undivided half interest in the cotton, nor that he had and held the receipts or certificates, does not render the levy effective. For if the appellant was entitled to the possession

at the time of the levy the officer had no right to interfere with it to the extent of forcibly taking actual possession of the entire property. And the attaching creditor of L. E. Degan, the appellee, would not legally be an innocent purchaser for value, however the title turned out to be. If the statutory course is not followed and the officer levies the writ by taking possession of the property, there results an illegal ouster of rightful possession which can be regained in the statutory proceeding of trial of right of property.

[3] The statutory course under the facts of this case only admitted of a constructive levy. The statute provides that where the debtor "has an interest in personal property, but is not entitled to the possession thereof" the officer cannot levy by taking possession from "the person who is entitled to the possession." Article 3740, R. S. The transfer and delivery of the cotton tickets to appellant by Degan, a half owner of the cotton, "entitled" the appellant as against Degan "to the possession" of the cotton. As has been decided, "the statute does not in express terms require that there shall be an immediate actual delivery of the property," but "whatever act is in law an immediate delivery" meets the requirement and must be held sufficient. Osborn v. Koenigheim, 57 Tex. 91. The instant case is not different in principle from Briggs v. Briggs (Tex. Civ. App.) 247 S. W. 312.

The judgment must be reversed, and a judgment will be here rendered in favor of the appellant and with all cost of the court below and of appeal. The judgment here rendered shall in no wise affect the appellee's right to have a constructive levy hereafter made on the cotton, nor to garnishee the money received for the sale of Degan's half interest.